IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

Vs.                                    No. 07-40001-01-03-SAC

STEVEN LEON BUSER,
MARK DAVID HIGHT,
   and
JASON PHILLIP CRIBBS,
   a/k/a/,"Big Jay,"

Defendants.

MEMORANDUM AND ORDER

This case, recently transferred to this court, comes before the court

on the following motions filed by defendant Cribbs: motion for bill of

particulars (Dk. 35); motion to compel (Dk. 36); motion to sever (Dk. 37);

and motion for discovery (Dk. 38). The government has filed a consolidated

response (Dk. 40), and the court, having reviewed the briefs and the

relevant law, finds that no evidentiary hearing is necessary.

**Motion for bill of particulars** (Dk. 35)

Defendant Cribbs, who is charged in Count I of the three count indictment, seeks a bill of particulars. Count I alleges:

From a date unknown to the Grand Jury, but beginning sometime before April 2005, and continuing to at least June, 2006, in the District of Kansas, the defendants,

STEVEN LEON BUSER,

MARK DAVID HIGHT,

and

JASON PHILLIP CRIBBS,

a/k/a/,"Big Jay,"

knowingly, willfully and unlawfully combined, conspired, confederated and agreed with other persons whose identities are both known and unknown, to distribute in excess of 50 grams of methamphetamine, a Schedule II controlled substance, in violation of [stated federal laws].

Defendant's motion contends that although the charge may contain the elements necessary to prove the violation charged, it does not sufficiently inform defendant of the offense charged, creates a probability of unfair surprise, and is so non-specific that it fails to bar a subsequent prosecution for the same offense.

2

Defendant's claim of unfair surprise asserts that he could be liable under the conspiracy theory of *Pinkerton v. United States*, which poses a profusion of proof possibilities for the government. *Pinkerton* held that a conspiracy participant is legally liable for all reasonably foreseeable acts of his or her coconspirators in furtherance of the conspiracy. *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). The government responds that defendant's motion is just an attempt to discover the government's theory and factual proof to which it is not entitled, and that defendant has been granted access to the government's entire investigative file in this full-discovery case, precluding the possibility of unfair surprise.

An indictment is held only to minimal constitutional standards, and its sufficiency is judged "by practical rather than technical considerations." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir.1997). "An indictment is sufficient 'if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense.' " *United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir.1991) (quoting

3

*United States v. Staggs*, 881 F.2d 1527, 1530 (10th Cir.1989), *cert. denied*, 493 U.S. 1020, 110 S.Ct. 719, 107 L.Ed.2d 739 (1990)).

     The district court has broad discretion in deciding a motion for bill of particulars. *United States v. Edmonson*, 962 F.2d 1535, 1541 (10th Cir.1992). "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir.) (quotation omitted), *cert. denied*, 519 U.S. 901 (1996). It serves to minimize the defendant's surprise to the substantive facts of the charges, not the evidentiary basis of the charge. *See United States v. Hopkins*, 716 F.2d 739, 745 (10th Cir.1982). "Unless the request for the bill of particulars shows, on its face, that failure to grant the request would result in prejudicial surprise, the preclusion of an opportunity for meaningful defense preparation, [or double jeopardy problems,] defendant has the burden of showing [by brief, affidavit or otherwise] that his or her request meets one of the three criteria." *United States v. Anderson*, 31 F.Supp.2d 933, 938 (D.Kan.1998) (citing *United States v. Wright*, 826 F.2d 938, 943 (10th Cir.1987) (citing in turn *United States v. Thevis*, 474 F.Supp. 117, 123-24 (N.D.Ga.1979), *aff'd*, 665 F.2d 616 (5th Cir.), *cert. denied*, 456 U.S. 1008,

4

102 S.Ct. 2300, 73 L.Ed.2d 1303 (1982))), *reconsideration granted in part on other grounds*, 36 F.Supp.2d 1264 (D.Kan.1998).

The court believes that this indictment is sufficient to enable the defendant to prepare a defense, to avoid prejudicial surprise at trial, and to bar the risk of double jeopardy. *See United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir.1980). Count one charges defendant with conspiracy and lists Buser and Hight as coconspirators. Defendant is thus on notice that he needs to defend against evidence that he conspired with or aided and abetted Buser and Hight in the distribution of methamphetamine between the dates stated in the indictment. Thus, there is no violation of defendant's right to be notified of the charges against him, or to plead double jeopardy in a subsequent prosecution based on the same crimes. *See U.S. v. McKneely,* 69 F.3d 1067, 1073 (10th Cir.1995).

Although a variety of means could be used to prove the conspiracy, defendant is not entitled to know the government's theory or manner of proof. A bill of particulars may not be used to compel the Government to disclose evidentiary details or "to explain the legal theories upon which it intends to rely at trial." *U.S. v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir.1983), *citing United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir.1980), *cert.*

5

*denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980). Here,

because the defendant has had access to the government's full

investigative file, no basis for unfair surprise has been shown. Accordingly,

this motion shall be denied.

**Motion to compel**

Defendant also moves the court for an order directing the

government to disclose the following, apparently as *Brady* or *Giglio*

evidence:

> The existence, substance and manner of execution or
> fulfillment of any promises, agreements, understandings, or
> arrangements, either verbal or written, between the government and
> any prosecution witness or informant involved in this case, or made
> to his or her attorneys or representatives, wherein the government, or
> any state, or any other governmental entity has agreed:
> a) not to prosecute an individual for any crime or crimes;
> b) to provide a formal grant of statutory immunity or an informal grant
> of immunity in connection with any testimony or information given;
> c) to recommend leniency in sentencing for any crime or crimes for
> which he or she is convicted;
> d) to recommend a particular sentence for any crime or crimes for
> which he or she is convicted;
> e) to dismiss any counts of an indictment pending against a person;
> or,
> f) to make any other recommendation of benefit or to give any other
> consideration to him or her.

Dk. 36, p. 1-2. In response, the government states its awareness of its duty

to comply with *Giglio*, and agrees to supplement its prior disclosures

regarding agreements or motions relating to substantial assistance. The court shall hold the government to its word. Accordingly, this motion is denied as moot.

**Motion to sever**

Defendant moves the court to sever his trial from that of his two co-defendants. In support, defendant contends solely that "the co-defendants have given statements to law enforcement officers in which they  implicated [the defendant] in wrong doing." Dk. 37, p. 1. Defendant contends that such statements are not admissible against him and that the introduction of such statements in defendant's trial would deny him the right of confrontation and cross-examination, citing *Bruton v. United States*, 391 U.S. 123 (1968). The government opposes severance, asserting that the co-defendants are presently engaged in plea negotiations with the government, that neither defendant offered a confession, and that any *Bruton* problem is merely illusory.

In deciding a motion to sever, the court weighs the prejudice to a particular defendant caused by the joinder against the important considerations of economy and expedition in judicial interests." *United States v. Mabry*, 809 F.2d 671, 681 (10th Cir.), *cert. denied*, 484 U.S. 874

7

(1987), and overruled on other grounds, *Mathews v. United States*, 485

U.S. 58 (1988). Severance is a matter of discretion, not of right, and the

defendant bears a heavy burden of demonstrating prejudice to her case.

*United States v. Hollis*, 971 F.2d 1441, 1456 (10th Cir.1992), *cert. denied*,

507 U.S. 985 (1993). "Courts generally adhere to the principle that those

indicted together, especially co-conspirators, should be tried together."

*United States v. Peveto*, 881 F.2d 844, 857 n. 16 (10th Cir.), *cert. denied*,

493 U.S. 943 (1989) (quotation and citation omitted).

      The Confrontation Clause of the Sixth Amendment guarantees the

right of a criminal defendant "to be confronted with the witnesses against

him." The right of confrontation includes the right to cross-examine

witnesses. In *Bruton*, the Supreme Court held that a defendant is deprived

of his rights under the Confrontation Clause when a co-defendant's

confession which incriminates both defendants is introduced at their joint

trial, even if the jury is instructed to consider that confession only against

the non-testifying co-defendant. *See Richardson v. Marsh*, 481 U.S. 200,

206 (1987) ("[W]here two defendants are tried jointly, the pretrial

confession of one cannot be admitted against the other unless the

confessing defendant takes the stand."). " *Bruton*, ..., does not hold that

8

defendants in joint trials involving *Bruton* problems are entitled to separate

trial." *United States v. Hill*, 901 F.2d 880, 883 (10th Cir.1990). Although

separate trials avoid Bruton problems, severance is not required. *Id.; see*

*United States v. Ridley*, 814 F.Supp. 992, 1000-1001 (D.Kan.1993)

(severance is not compelled when a potential *Bruton* problem exists).

*Bruton* problems may be avoided by redaction of the co-defendant's

statements coupled with the use of limiting instructions. *See Richardson v.*

*Marsh*, 481 U.S. at 211. "Severance is required only where admission of

the statement in its edited form distorts the meaning of the statement or

excludes information substantially exculpatory of the declarant." *United*

*States v. Comeaux*, 955 F .2d 586, 590 (8th Cir.) (quotation and citation

omitted), *cert. denied*, 506 U.S. 845 (1992).

 The court is unable to determine whether *Bruton* problems exist in

this case because defendant has not specified the statements allegedly

made by the co-defendants. In the event *Bruton* problems do exist, this

motion could be mooted by future plea negotiations or by redaction.

Accordingly, the court takes this motion under advisement and will

reexamine it at the status conference, at which time the case will be in a

better posture for the court to make a definitive ruling on it.

**Motion for Discovery**

Defendant's motion for discovery seeks copies of reports as well as audio and video tapes of statements made by co-defendants related to the events which form the basis for the indictment, pursuant to Fed. R. Cr. P. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963). The government has responded that it agrees to produce the requested information to the extent it constitutes *Brady* material. Accordingly, this motion is moot.

IT IS THEREFORE ORDERED that defendant's motion for bill of particulars (Dk. 35) is denied; that his motion to compel (Dk. 36) and motion for discovery (Dk. 38) are denied as moot; and that his motion to sever (Dk. 37) is taken under advisement.

Dated this 11th day of March, 2008.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge